UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY JOE DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-CV-00224 JAR |
| | ) |
| JOSH HAWLEY,[1] et al., | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Tommy Joe Davis' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 4).[2] The Government responded (Doc. No. 18); Petitioner failed to reply. After reviewing Petitioner's motion and accompanying exhibits, the petition will be dismissed without prejudice due to Petitioner's failure to exhaust his state court remedies.

**Background**

Petitioner, a pretrial detainee at the Cape Girardeau County Jail, filed his petition for habeas corpus challenging his pretrial detention on the following grounds: (1) the probable cause statement and complaint are improper because the statement lacks a signature and the complaint

---

[1] During the pendency of the Petition, Josh Hawley became the Attorney General of Missouri. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Josh Hawley should be substituted for Chris Koster as the defendant in this suit.

[2] Because Petitioner's initial application for writ of habeas corpus (Doc. No. 1) was not drafted on a Court-provided form, the Court ordered him to file an amended petition using the standard form (Doc. No. 2). Petitioner's amended petition was filed on March 25, 2015, and is now the operative petition. See Jones v. Steele, No. 4:06CV767 RWS, 2010 WL 618474, at *4 (E.D. Mo. Feb. 18, 2010) (original petition superseded by amended petition as a matter of law and may not be considered for any purpose).

1

contains an "unauthorized" signature (Doc. No. 4 at 7–8); and (2) he was subject to an unreasonable search and seizure as a result of (i) alleged prosecutorial misconduct, (ii) the use of a GPS transmitter on his car and telephone, and (iii) the lack of the clerk's signature or seal on the arrest warrant (Id. at 8–9). Respondent argues that Petitioner's claims can be raised at trial and in his subsequent state proceedings; therefore, his petition should be dismissed for failure to exhaust state court remedies. (Doc. No. 18 at 3). Respondent further argues that to the extent Petitioner claims the search warrant, complaint and probable cause statement violate Missouri law, these claims are not cognizable on federal habeas review; federal habeas corpus relief is not available to correct errors of state law. (Id.).

**Discussion**

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction to grant writs of habeas corpus prior to trial of individuals in state custody. Fullilove v. Glass, No. 4:16CV2143 PLC, 2017 WL 633851, at *2 (E.D. Mo. Feb. 16, 2017) (citing Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979)); see also Houston v. State, No. 4:13CV1242 AGF, 2013 WL 3852510, at *1 (E.D. Mo. July 24, 2013); West v. Koster, 4:06CV903 RWS, 2009 WL 2488128, at *2 (E.D. Mo. Aug. 12, 2009). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." Neville, 611 F.2d at 675. Only in "special circumstances" will relief under § 2241 be available to a state prisoner before trial, such as where double jeopardy is at issue or where a speedy trial claim is raised. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973) (speedy trial); Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (D. Wis. 1999) (double jeopardy). "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." Fullilove, 2017 WL 633851, at *2 (quoting Blanck, 48 F. Supp. 2d at 860).

Here, the claims raised by Petitioner do not constitute the "special circumstances" required for a finding that he has exhausted available state remedies. His allegations do not contain any facts, which if proved, would demonstrate that he has been deprived of the right to a speedy trial or been put in double jeopardy. In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Wagner v. Glass, No. 4:13CV812 DDN, 2013 WL 3851278, at *1 (E.D. Mo. July 24, 2013) (citing Braden, 410 U.S. at 484).

Missouri law provides at least three distinct avenues for a pre-trial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a petition for writ of mandamus. Id. (citing Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996–97 (8th Cir. 1996)). Petitioner did not fully exhaust his state remedies before bringing this action. Additionally, his claims can be adequately raised at trial and in subsequent state proceedings.[3] As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [4] is **DENIED** and his claims **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 4th day of October, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[3] According to Missouri Case.Net, the state criminal case *State v. Tommy Joe Davis,* Case No. 14CG-CR00946-01 (Circuit Court of Cape Girardeau County, Missouri), is scheduled for a jury trial on November 8, 2017.